Order Filed on
1/6/2009
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**TRENK, DiPASQUALE, WEBSTER,<br>DELLA FERA & SODONO, P.C.**<br>347 Mount Pleasant Avenue – Suite 300<br>West Orange, New Jersey 07052<br>(973) 243-8600<br>Joseph J. DiPasquale (JD3330)<br>Thomas M. Walsh (TW0645)<br>Michele M. Dudas (MD5029)<br>*Counsel to Mantiff-Jahnavi Zanesville Hospitality, LLC, Debtor and Debtor-in-Possession* | |
| In re:<br><br>MANTIFF-JAHNAVI ZANESVILLE<br>HOSPITALITY, LLC,<br><br>        Debtor and Debtor-in-Possession. | Case No.: 08-26040 (NLW)<br><br>Chapter 11<br><br>Honorable Novalyn L. Winfield |

**ORDER (i) AUTHORIZING DEBTOR TO SELL ITS REAL AND PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND (ii) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

**DATED: 1/6/2009**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

(Page 2)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

**THIS MATTER** having been presented to the Court by Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C., counsel for Mantiff-Jahnavi Zanesville Hospitality, LLC, Chapter 11 debtor and debtor-in-possession (the "Debtor"), upon motion for an Order: (I) authorizing the Debtor to sell its real and personal property (as more clearly defined in the Application filed in support of the Motion) to Zarina Wahhab, her assigns and/or nominee ("Buyer"), free and clear of liens, claims, and encumbrances; (ii) approving auction procedures in connection therewith, including without limitation, stalking horse bidder's expense reimbursement; (iii) approving assumption and assignment of other agreements related thereto; (iv) authorizing surcharge of collateral pursuant to 11 U.S.C. § 506(c), and (v) for related relief (the "Motion"); and notice having been provided to the Office of the United States Trustee; Brian W. Hofmeister, Esq., counsel to the Buyer; secured creditors Ciena Capital Funding, LLC ("Ciena"); the Internal Revenue Service; the Attorney General of the State of New Jersey; the State of New Jersey, Division of Taxation; the Attorney General of the State of Ohio; the State of Ohio, Department of Treasury; and other parties in interest as set forth in the Certification of Service; and the Court having considered the pleadings filed by the Debtor in support of its Motion and opposition thereto, if any; and the Court having further reviewed the Application of the Debtor submitted in further support of the Motion and the Asset Purchase Agreement annexed thereto; and for other good cause having been shown,

**IT IS ORDERED** that the Debtor's Motion be and hereby is granted to the extent set forth below; and it is further

**ORDERED** that, except for the objection of Ramada Worldwide, Inc. ("RWI"), any and all objections to the Motion have either been resolved, withdrawn, or overruled; and it is further

**ORDERED** that the Asset Purchase Agreement ("Agreement") (annexed as Exhibit "B" to

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 3)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

the Verified Application) entered into on or about October 10, 2008, to sell the Debtor's real and personal property ("Property") for $2,200,000 (the "Sale Proceeds") to Buyer, is hereby approved; and it is further

**ORDERED** that the Debtor is authorized to sell its real and personal property free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b), (f) and (m); and it is further

**ORDERED** that, notwithstanding anything to the contrary, except for cash, all receivables, including any insurance claims, proceeds or monies, on the Closing Date, as defined in the Agreement, are specifically included in the sale; and it is further

**ORDERED** that the Debtor is selling the business "**AS IS**" and "**WHERE IS**" without any representation of any kind as to the condition or title except as specified in the Agreement (Exhibit "B" to the Verified Application); and it is further

**ORDERED** that the stay provision under Fed. R. Bankr. P. 6004(h) be and hereby is waived and therefore not applicable to this sale; and it is further

**ORDERED** that the Debtor is authorized to execute any and all documents necessary to effectuate the sale to the Buyer; and it is further

**ORDERED** that the Buyer is deemed to be a good faith purchaser pursuant to 11 U.S.C. § 363(m); and it is further

**ORDERED** that the Court shall have a hearing on **January 12, 2009 at 10:00 a.m.** to determine whether the franchise agreements between Debtor and Ramada Worldwide, Inc. and between the Debtor and Days Inn Worldwide, Inc. ("DIW") will be assumed and assigned to Buyer or rejected by Debtor; and it is further

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 4)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

**ORDERED** that the Agreement and the October 24, 2008 Order (i) Approving Auction Procedures In Connection Therewith, Including, Without Limitation, Stalking Horse Bidder's Expense Reimbursement; and (ii) Granting Related Relief are hereby amended to provide that the Closing Date under the Agreement shall be extended to **February 27, 2009** subject to Buyer satisfying the condition precedent by making certain additional non-refundable deposits as follows: (a) $25,000.00 deposited into Debtor's counsel's attorney trust account on or before December 17, 2008 (the "$25,000.00 Additional Deposit"); and (b) $40,000.00 deposited into Ciena's attorney's trust account on or before January 16, 2009 (the "$40,000.00 Additional Deposit") (collectively the "Additional Deposits"); and it is further

**ORDERED** that the Buyer's deposit in the amount of $10,000.00 which is in Debtor's counsel's attorney trust account shall be deemed non-refundable; and it is further

**ORDERED** that Ciena be and hereby is approved as the back-up bidder and may credit bid its lien pursuant to 11 U.S.C. § 363(k) if the Buyer fails to make either of the Additional Deposits on December 1, 2008 or January 16, 2009 or fails to close on the Sale on or before February 27, 2009; and it is further

**ORDERED** that, if the Buyer closes on the sale of the Property in the amount of $2,200,000, then Debtor's estate shall receive a carve-out of $65,000.00 (the "$65,000.00 Carve-Out") from Ciena's collateral at closing pursuant to 11 U.S.C. § 506(c) for the sole benefit of Debtor's administrative and/or unsecured creditors to be distributed pursuant to the priority scheme set forth under Section 507 of the Bankruptcy Code; and it is further

**ORDERED** that if the Buyer fails to make the Additional Deposits by December 17, 2008

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 5)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

or January 16, 2009, or to close on the Sale on or before February 27, 2009, and Ciena credit bids the amount of its lien pursuant to 11 U.S.C. § 363(k), then Debtor's estate shall receive a carve-out of $25,000.00 (the "$25,000.00 Carve-Out") at closing pursuant to 11 U.S.C. § 506(c) for the sole benefit of Debtor's administrative and/or unsecured creditors to be distributed under the Priority scheme pursuant to Section 507 of the Bankruptcy Code; and it is further

**ORDERED** that, at the closing of sale to Buyer, one hundred (100%) percent of all gross proceeds shall be paid to Ciena, after deducting for: (a) unpaid real property taxes and Federal, State and municipal liens which prime Ciena's mortgage (however in the event Ciena takes title to the Property, unpaid real property taxes and Federal, State and municipal liens which prime Ciena's mortgage shall not be deducted); (b) the $65,000.00 Carve-out, or as applicable, the $25,000.00 Carve-out; and (c) GCP's flat fee of $15,000 if sold to Buyer or flat fee of $10,000 if Property is sold to Ciena as the back-up bidder. There shall be no further deductions from the gross sale price for the Property at the closing thereof or otherwise except as specifically stated in this paragraph; and it is further

**ORDERED** that to the extent sale proceeds from the sale of the Property are insufficient to satisfy Ciena's pre-petition debt, Ciena shall retain all rights to pursue a deficiency against any obligors under the Ciena loan; and it is further

**ORDERED** that the Debtor's use of Ciena's cash collateral is hereby continued and extended to March 2, 2009 provided that the Debtor pays the sum of $3,000.00 on each consecutive Monday for each week; and it is further

**ORDERED** that the automatic stay under the Bankruptcy Code is hereby modified as to

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 6)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

Ciena and that Ciena is hereby relieved of any injunctions or restraints under the Bankruptcy Code and Ciena may exercise any and all rights it may have under its mortgage and/or other security agreements with the Debtor (hereinafter the "Ciena Stay Relief"); and it is further

**ORDERED** that Ciena shall forebear and is stayed from exercising any of its rights under the Ciena Stay Relief granted hereunder so long as the Buyer makes the Additional Deposits on or before December 17, 2008 and January 16, 2009, and closes on the Sale on or before February, 27, 2009 and Debtor makes its weekly adequate protection payments in the sum of $3,000.00; and it is further

**ORDERED** that in the event Debtor fails to make any adequate protection payment when such payment is due, the Buyer shall receive notice from Ciena of Debtor's default and Buyer shall have an opportunity to cure such default by Debtor within five (5) days of such notice.  Any monies paid by Buyer to cure any defaults by Debtor in adequate protection payments shall be an administrative claim; and it is further

**ORDERED** that effective upon the earlier of (a) the date of entry of an order authorizing rejection of the RWI License Agreement; (b) January 17, 2009, if the Buyer fails to pay the Additional Deposit by January 16, 2009; or (c) the date upon which the Debtor loses title or transfers possession of the Property; then:

1. RWI is granted relief from the automatic stay and may terminate the License Agreement, Integrated System Agreement, Satellite Connectivity Services Addendum, Software and Services Agreement and related agreements between RWI and Debtor.

(Page 7)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

2. Within ten (10) days following notice by RWI of termination of the License Agreement, the Debtor shall satisfy all of its non-monetary post-termination obligations to RWI as set forth in the License Agreement including, but not limited to, de-identification of the Property from its appearance as a "Ramada®" facility.

3. In the event that the Debtor does not satisfy its post-termination non-monetary obligations to RWI as set forth in the License Agreement within the time set forth in this Order, then RWI is authorized to enter upon and inspect the Property, including its guest rooms and common areas, without interference by the Debtor, Ciena or their representatives, and to remove (i) all billboard signs, interior signs, exterior signs (whether located on or off the premises), entrance signs, or forms of display, guest room supplies and equipment and all other items bearing any of RWI's registered service marks and trade names and logos, (ii) listings in telephone directories, the internet, web sites, travel guides, hotel indices, or similar guides, and all other publications or forms of media and (iii) all of RWI's proprietary materials, including but not limited to operations and training manuals, guest cards, stationary, policy statements, computer hardware and licensed software. In such event, RWI shall be entitled to file a chapter 11 administrative claim for all amounts incurred by RWI in connection with the relief granted under this paragraph, pursuant to 11 U.S.C. §503(b)(1)(A), without waiver of any other rights or claims RWI may possess, and the Debtor reserves all rights and remedies to object to any such administrative claim including, but not limited to, the amount and classification; and it if further

**ORDERED** that the Debtor hereby agrees to pay RWI all post-petition recurring fees as they shall become due under the License Agreement and related agreements. In the event that the Debtor shall fail to pay all post-petition Recurring Fees as they shall become due, RWI shall be allowed a

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 8)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief
_____

chapter 11 administrative claim in the amount for all such amounts, pursuant to 11 U.S.C. §503(b)(1)(A), without waiver of any other rights RWI may possess for non-payment, including the right to terminate the License Agreement; and it if further

**ORDERED** that effective upon the earlier of (a) the date of entry of an order authorizing rejection of the DIW License Agreement; (b) January 17, 2009, if the Buyer fails to pay the Additional Deposit by January 16, 2009; or (c) the date upon which the Debtor loses title or transfers possession of the Property; then:

1. Days Inns Worldwide, Inc. ("DIW") is granted relief from the automatic stay and may terminate the License Agreement, Integrated System Agreement, Satellite Connectivity Services Addendum, Software and Services Agreement and related agreements between DIW and Debtor.

2. Within ten (10) days following notice by DIW of termination of the License Agreement, the Debtor shall satisfy all of its non-monetary post-termination obligations to DIW as set forth in the License Agreement including, but not limited to, de-identification of the Property from its appearance as a "Days Inns®" facility.

3. In the event that the Debtor does not satisfy its post-termination non-monetary obligations to DIW as set forth in the License Agreement within the time set forth in this Order, then DIW is authorized to enter upon and inspect the Property, including its guest rooms and common areas, without interference by the Debtor, Ciena or their representatives, and to remove (i) all billboard signs, interior signs, exterior signs (whether located on or off the premises), entrance signs, or forms of display, guest room supplies and equipment and all other items bearing any of DIW's registered service marks and trade names and logos, (ii) listings in telephone directories, the internet, web sites, travel

*Approved by Judge Novalyn L. Winfield January 06, 2009*

(Page 9)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case No.: 08-26040 (NLW)
Caption of Order: Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances, and (ii) Granting Other Related Relief

_____

guides, hotel indices, or similar guides, and all other publications or forms of media and (iii) all of DIW's proprietary materials, including but not limited to operations and training manuals, guest cards, stationary, policy statements, computer hardware and licensed software.  In such event, DIW shall be entitled to file a chapter 11 administrative claim for all amounts incurred by DIW in connection with the relief granted under this paragraph, pursuant to 11 U.S.C. §503(b)(1)(A), without waiver of any other rights or claims DIW may possess, and the Debtor reserves all rights and remedies to object to any such administrative claim including, but not limited to, its amount and classification.

*Approved by Judge Novalyn L. Winfield January  06, 2009*