FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East – Suite 290
Paramus, New Jersey 07652
(201) 845-1000
Attorneys for Ramada Worldwide Inc. and
Days Inns Worldwide Inc.
(N.J.D.C. #DME 6203)

Order Filed on
2/18/2009
by Clerk U.S. Bankruptcy
Court District of New Jersey

|  |  |
|---|---|
| In Re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| MANTIFF-JAHNAVI ZANESVILLE HOSPITALITY, LLC, | Chapter 11 |
|  | Case No.: 08-26040 (NLW) |
| Debtor. | Re: Docket No.: 68, 81, 92 and 97 |
|  | Hearing Date: February 17, 2009 at 10:00 a.m. |

**CONSENT ORDER (i) AUTHORIZING DEBTOR TO ASSUME AND ASSIGN LICENSE AGREEMENT WITH RAMADA WORLDWIDE INC., (ii) AUTHORIZING DEBTOR TO ASSUME AND ASSIGN LICENSE AGREEMENT WITH DAYS INNS WORLDWIDE INC., AND (iii) GRANTING OTHER RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through eight (8), be and

hereby is **ORDERED**

_____
HONORABLE NOVALYN L. WINFIELD
UNITED STATES BANKRUPTCY JUDGE

Dated: February ___, 2009

*[Signature]*
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

**DATED: 2/18/2009**

Page (2)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

This matter having been presented to the Court by way of the Debtor's motion (i) for Authority to Sell Real Property and Personal Property (collectively the "Zanesville Property") to DiPali Jariwala Free and Clear of all Liens, Claims and Encumbrances; (ii) Authorizing Assumption and Assignment of Executory Contracts and Leases; and (iii) for Other Relief, (the "Sale Motion"), Docket No. 68; and the Court having considered the Limited Objection of Ramada Worldwide Inc. ("RWI") to the Sale Motion, Docket No. 92; and the Court having considered the oral objection of Days Inns Worldwide Inc. ("DIW") to the Sale Motion; and the Court having conditionally granted the Sale Motion subject to this hearing to determine whether the License Agreements between the Debtor and RWI and the Debtor and DIW will be assumed and assigned to the "Buyer" (as defined in the Sale Motion) or rejected by the Debtor (the "Sale Order"), Docket No. 97; and the Court having considered the pleadings submitted and the arguments of counsel; and for good cause having been shown,

**THE COURT HEREBY FINDS:**

The Zanesville Property (as defined in the Sale Motion), is a "split facility" in that: (a) the Debtor is a party to a License Agreement with RWI whereby approximately ninety rooms at the Property are open and operating as a Ramada®, and (b) the Debtor is also a party to a separate License Agreement with DIW pertaining to approximately forty rooms at the Property. The portion of the Property covered by the DIW License Agreement has not, however, been opened as a Days Inn® because the Debtor has not completed the required punch list and pre opening obligations.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. <u>The RWI License Agreement</u>.  Notwithstanding any other conflicting provisions

Page (3)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

of the Sale Order or the Sale Agreement[1], the following provisions shall control with respect to the assumption and assignment of the September 28, 2007 License Agreement, Integrated System Agreement, Satellite Connectivity Services Addendum, Software and Services Agreement and related agreements, (collectively, the "RWI License Agreement"), between Mantiff-Jahnavi, Zanesville Hospitality, LLC (the "Debtor" or "Licensee"), and Ramada Worldwide Inc., ("RWI"):

(a)     The RWI License Agreement is assumed by the Licensee pursuant to 11 U.S.C. §365(a) and (b), effective as of the Closing Date set forth in the Sale Order or any extensions thereof.  Licensee shall continue to be responsible to comply with all monetary and non-monetary obligations imposed under the RWI License Agreement pending a Closing under the Sale Agreement or further order of this Court.

(b)     Subject to and conditioned upon closing on the sale of the Zanesville Property to Dipali Jariwala or his assign, the RWI License Agreement is assigned by the Licensee to Dipali Jariwala or an entity solely owned and controlled by Dipali Jariwala (the "Assignee") pursuant to 11 U.S.C. §365(f), effective as of the Closing Date as set forth in the Sale Order.

(c)     Pursuant to 11 U.S.C. §365(b)(1)(A), on the Closing Date RWI shall be paid $23,817.74, representing the "Pre Petition Indebtedness" of the Debtor to RWI.  This amount shall be paid to RWI by the Debtor on the Closing Date.

(d)     Pursuant to 11 U.S.C. §365(b)(1)(A), the Debtor is authorized and directed to pay RWI any and all amounts which are or will become due by the Licensee under the RWI License

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to those terms in the Sale Motion.

*Approved by Judge Novalyn L. Winfield February 18, 2009*

Page (4)
Debtor: Mantiff-Jahnavi Zanesville Hospitality, LLC
Case: 08-26040 (NLW)
Caption: Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

Agreement, (other than the Pre Petition Indebtedness), through the Closing Date. This amount shall be paid by the Debtor or from the proceeds of sale of the Property on the Closing Date. With respect to those amounts which will become due by Licensee under the RWI License Agreement during the month in which the Closing Date occurs, same shall be paid within fifteen days of the Closing Date by the Debtor or from the proceeds of sale of the Property.

(e) Pursuant to 11 U.S.C. §365(b)(1)(B), on the Closing Date RWI shall be paid $10,000, representing a compromise/reduction of the actual attorneys fees and costs incurred and to be incurred by RWI in connection with the Debtor's bankruptcy proceeding and assumption and assignment of the RWI License Agreement. This amount shall be paid to RWI by the Debtor on the Closing Date.

(f) Pursuant to 11 U.S.C. §365(b)(1)(C) and (f)(2)(B), Assignee shall, at the time of closing on the sale of the Zanesville Property, execute and deliver to RWI a fully authorized and executed version of the "Assumption Agreement" in the form provided by RWI to Assignee. The Assumption Agreement between RWI and Assignee shall, among other things: (i) reflect the assignment of the RWI License Agreement to Assignee; (ii) provide for cure of the outstanding quality defaults by the Assignee within forty-five days of the Closing Date (unless such quality default relates to a punch list item, in which case the cure period shall be governed by the provision of the Assumption Agreement dealing with the punch list items); (iii) complete the punch list items as and when set forth in the Assumption Agreement; and (iv) provide guarantees of payment and performance of Assignee under the RWI License Agreement by Dipali Jariwala and those additional parties as may be agreed upon by RWI and Assignee and set forth in the Assumption Agreement.

Page (5)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

2. <u>The DIW License Agreement</u>.  Notwithstanding any other conflicting provisions in the Sale Order or the Sale Agreement, the following provisions shall control with respect to the assumption of the June 27, 2006 License Agreement, Integrated System Agreement, Satellite Connectivity Services Addendum, Software and Services Agreement and related agreements, (collectively, the "DIW License Agreement") between Mantiff-Jahnavi Zanesville Hospitality, LLC (the "Debtor" or "Licensee"), and Days Inns Worldwide Inc. ("DIW"):

(a)    The DIW License Agreement is assumed by the Licensee pursuant to 11 U.S.C. §365(a) and (b), effective as of the Closing Date set forth in the Sale Order or any extension thereof.  Licensee shall continue to be responsible to comply with all monetary and non-monetary obligations imposed under the DIW License Agreement pending a Closing under the Sale Agreement or further order of this Court.

(b)    Subject to and conditioned upon closing on the sale of the Zanesville Property to Dipali Jariwala or his assigns, the DIW License Agreement is assigned by the Licensee to Dipali Jariwala or an entity solely owned and controlled by Dipali Jariwala (the "Assignee") pursuant to 11 U.S.C. §365(f), effective as of the Closing Date as set forth in the Sale Order.

(c)    Pursuant to 11 U.S.C. §365(b)(1)(A), the Debtor is authorized and directed to pay DIW any and all amounts which are or will become due by the Licensee under the DIW License Agreement through the Closing Date. This amount shall be paid by the Debtor or from the proceeds of sale of the Property on the Closing Date.  With respect to those amounts which will become due by Licensee under the DIW License Agreement during the month in which the Closing Date occurs, same shall be paid within fifteen days of the Closing Date by the Debtor or from the proceeds of sale of the Property.

*Approved by Judge Novalyn L. Winfield February  18, 2009*

**Page** (6)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

(d)    Pursuant to 11 U.S.C. §365(b)(1)(C) and (f)(2)(B), Assignee shall, at the time of closing on the sale of the Zanesville Property, execute and deliver to DIW a fully authorized and executed version of the "Assumption Agreement" in the form provided by DIW to Assignee. The Assumption Agreement between DIW and Assignee shall, among other things: (i) reflect the assignment of the DIW License Agreement to Assignee; (ii) provide for cure of the outstanding quality defaults by the Assignee within forty-five days of the Closing Date (unless such quality default relates to a punch list item, in which case the cure period shall be governed by the provision of the Assumption Agreement dealing with the punch list items); (iii) complete the punch list items as and when set forth in the Assumption Agreement; and (iv) provide guarantees of payment and performance of Assignee under the DIW License Agreement by Dipali Jariwala and those additional parties as may be agreed upon by DIW and Assignee and set forth in the Assumption Agreement. **PRIOR TO THE ASSIGNEE'S COMPLETION OF EACH OF THE PUNCH LIST IMPROVEMENTS, ASSIGNEE AGREES THAT IT WILL NOT: (A) ADVERTISE, SOLICIT OR OFFER THE RENTAL OF ROOMS IN THE PROSPECTIVE DAYS INN® SECTION OF THE FACILITY; (B) RENT ROOMS IN THE PROSPECTIVE DAYS INN® SECTION OF THE FACILITY; OR (C) OPERATE THE PROSPECTIVE DAYS INN® SECTION OF THE FACILITY.**

3.    Nothing herein shall preclude RWI and/or DIW from seeking to modify the automatic stay to terminate the RWI License Agreement and/or the DIW License Agreement in the event that the Sale Agreement is terminated, the Closing does not occur within fifteen days of the Closing Date set forth in the Sale Order or if the Debtor commits an event of default under the RWI License Agreement and/or the DIW License Agreement.

**Page** (7)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief

4. As of the effective date of the assumption and assignment of the RWI License Agreement and the DIW License Agreement, the RWI License Agreement shall be hereby amended to provide that an event of default by the Assignee under the RWI License Agreement shall constitute an event of default under the DIW License Agreement which may only be cured by the Assignee curing the default under the RWI License Agreement within the applicable cure period, if any, under the RWI License Agreement.

5. As of the effective date of the assumption and assignment of the RWI License Agreement and the DIW License Agreement, the DIW License Agreement shall be hereby amended to provide that an event of default by the Assignee under the DIW License Agreement shall constitute an event of default under the RWI License Agreement which may only be cured by the Assignee curing the default under the DIW License Agreement within the applicable cure period, if any, under the DIW License Agreement.

The undersigned are authorized to and hereby do consent to the form and entry of this order:


By: ___/s/ Daniel M. Eliades_____
     Daniel M. Eliades, Esq.
     FORMAN HOLT ELIADES & RAVIN LLC
     Attorneys for Ramada Worldwide Inc. and
     Days Inns Worldwide Inc.


By: ___/s/ Joseph J. DiPasquale, Esq._____
     Joseph J. DiPasquale, Esq.
     TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.
     Attorneys for Mantiff-Jahnavi Zanesville Hospitality, LLC

*Approved by Judge Novalyn L. Winfield February 18, 2009*

**Page** (8)
**Debtor:** Mantiff-Jahnavi Zanesville Hospitality, LLC
**Case:** 08-26040 (NLW)
**Caption:** Consent Order (i) Authorizing Debtor to Assume and Assign License Agreement With Ramada Worldwide Inc., (ii) Authorizing Debtor to Assume and Assign License Agreement with Days Inns Worldwide Inc., and (iii) Granting Other Related Relief


By: */s/ Brian W. Hofmeister, Esq.*
    Brian W. Hofmeister, Esq.
    TEICH GROH
    Attorneys for Dipali Jariwala


M:\WYNDHAM\MANTIFF-JAHNAVI 2\PLEADINGS\Assignment-Assumption Order-Final.2.doc

*Approved by Judge Novalyn L. Winfield February 18, 2009*