Order Filed on
3/5/2009
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**TRENK, DiPASQUALE, WEBSTER,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
Joseph J. DiPasquale (JD3330)
Thomas M. Walsh (TW0645)
Michele M. Dudas (MD5029)
*Counsel to Mantiff Jahnavi Zanesville Hospitality,
LLC, Debtor and Debtor-in-Possession*

| | |
|---|---|
| In re:<br><br>MANTIFF-JAHNAVI ZANESVILLE HOSPITALITY, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-26040 (NLW)<br><br>Honorable Novalyn L. Winfield |

**CONSENT ORDER EXTENDING DEADLINE TO CLOSE ON
SALE OF DEBTOR'S REAL AND PERSONAL PROPERTY**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: 3/5/2009**

_____
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

**THIS MATTER** having been originally presented to the Court by Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C., counsel for Mantiff-Jahnavi Zanesville Hospitality, LLC, Chapter 11 debtor and debtor-in-possession (the "Debtor"), upon motion for entry of an Order authorizing the Debtor to sell its real and personal property (as more clearly defined in the Application filed in support of the Motion) and granting related relief (the "Motion"); and the Court having considered the pleadings filed by the Debtor in support of its Motion and opposition thereto, if any; and the Court having heard oral argument, if any; and the Court having previously entered an Order (i) Authorizing Debtor to Sell its Real and Personal Property Free and Clear of All Liens, Claims and Encumbrances; (ii) Granting Certain Stay Relief and; (iii) Granting Related Relief, on January 6, 2009 (the "Sale Order"); and Brian F. Hofmeister, Esq. - counsel to Dipali Jariwala, assignee ("Buyer"); Prassana Mahadeva, Esq. - counsel to Ciena Capital Funding, LLC ("Ciena"), and Joseph J. DiPasquale, Esq. - counsel to the Debtor, having agreed to the Sale Order entered on January 6, 2009; and the parties having agreed to extend the Closing Date based on the terms set forth herein; and for other good cause having been shown,

**IT IS ORDERED** that the Buyers shall pay the following non-refundable deposit payments to Ciena which shall be applied to the Purchase Price in exchange for an extension of the deadline to close on the sale of the Debtor's real and personal property through and including **April 13, 2009**: six (6) consecutive weekly payments of $10,000.00 commencing March 4, 2009 and continuing thereafter on each and every Wednesday thereafter for the next five (5) weeks; and it is further

**ORDERED** that Debtor shall continue making adequate protection payments in the amount of $3,000.00 to Ciena on each Monday through and including April 13, 2009 ("AP Payment"); and it is further

**ORDERED** that the Debtor's use of Ciena's cash collateral is hereby continued and

*Approved by Judge Novalyn L. Winfield March  05, 2009*

extended to April 13, 2009; and it is further

**ORDERED** that a default in making any non-refundable payment by the Buyer or any AP Payment by the Debtor results in title to the Property vesting in Ciena. The Buyer retains the right to cure a default by the Debtor in accordance with its cure rights under the Sale Order; and it is further

**ORDERED** that all other terms and conditions set forth in the Sale Order remain in full force and effect except to the extent modified by this Consent Order.

THE FORM AND ENTRY OF THE WITHIN
CONSENT ORDER IS HEREBY AGREED TO BY:

| **TEICH GROH** | **MAHADEVA, PLLC** |
|---|---|
| *Counsel to Buyer, Dipali Jariwala* | *Co-Counsel to Ciena Capital Funding, LLC, Secured Creditor* |
| By: /s/ Brian W. Hofmeister | |
| Brian W. Hofmeister | By: */s/Prassana Mahadeva* |
| | Prassana Mahadeva |

**TRENK, DiPASQUALE, WEBSTER
 DELLA FERA & SODONO, P.C.**
*Counsel to Mantiff-Jahnavi Zanesville Hospitality, LLC, Debtor and Debtor-in-Possession*


By:*/s/Joseph J. DiPasquale*
      Joseph J. DiPasquale

*Approved by Judge Novalyn L. Winfield March  05, 2009*