**TRENK, DiPASQUALE, WEBSTER,
 DELLA FERA & SODONO, P.C.**
347 Mt. Pleasant Avenue, Suite 300
West Orange, New Jersey  07052
(973) 243-8600
Joseph J. DiPasquale (JD3330)
Thomas M. Walsh (TW0645)
Michele M. Dudas (MD5029)
*Counsel to Mantiff-Jahnavi Zanesville Hospitality,*
*Chapter 11 Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MANTIFF-JAHNAVI ZANESVILLE HOSPITALITY, LLC,<br><br>　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 08-26040 (NLW) |

**VERIFIED APPLICATION IN SUPPORT OF DEBTOR'S MOTION PURSUANT TO 11 U.S.C. § 1121(d) TO EXTEND THE TIME PERIOD IN WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO EXTEND THE TIME PERIOD IN WHICH THE DEBTOR HAS THE EXCLUSIVE RIGHT TO SOLICIT ACCEPTANCE OF ITS PLAN OF REORGANIZATION**

TO:　THE HONORABLE NOVALYN L. WINFIELD
　　　UNITED STATES BANKRUPTCY JUDGE

　　　Mantiff-Jahnavi Zanesville Hospitality, LLC, Chapter 11 debtor and debtor-in-possession (the "Debtor" or "Mantiff"), by and through its undersigned counsel, submits this Verified Application in support of its Motion pursuant to Section 1121(d) of the Bankruptcy Code, seeking an order extending for an additional ninety (90) days the time period in which the Debtor has the exclusive right to file a Chapter 11 plan of reorganization and extending for an additional sixty (60) days thereafter the time period in which the Debtor has the exclusive right to solicit

acceptances thereof (the "Motion").  In support of the Motion, the Debtor respectfully represent as follows:

## JURISDICTION AND VENUE

1. The subject matter of this Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein is section 1121 of the Bankruptcy Code.

## BACKGROUND

2. On August 25, 2008 (the "Petition Date"), Mantiff filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

3. Thus, pursuant to subsections 1121(a) and (b) of the Bankruptcy Code, and Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, the Debtor's initial one hundred twenty (120) day exclusivity period to file a plan of reorganization expired on December 23, 2008 (the "Initial Plan Deadline").  Pursuant to Court Orders, the Initial Plan Deadline was extended until August 20, 2009.

4. Pursuant to 11 U.S.C. §1121(c)(3), the initial one hundred eighty (180) day exclusive period to solicit acceptances of the plan of reorganization expired on February 20, 2009 (the "Initial Solicitation Deadline").  Pursuant to Court Orders, the Initial Solicitation Deadline extended until October 19, 2009.

5. The Debtor is an Ohio limited liability company and maintains a principal place of operational headquarters in Fairfield, New Jersey.  The Debtor's books and records, as well as its senior management team, are also located in New Jersey.  The Debtor's business consists of

2

owning and operating a Ramada Inn in Zanesville, Ohio.[1] The hotel and conference center has 130 guest rooms, conference center, restaurant and lounge, liquor license, indoor pool, whirlpool, sauna, and exercise room. The Debtor owns the real property on which the Hotel is situated, located at 4645 East Pike, Zanesville, Ohio 43701 (the "Hotel Real Property").

## **RELIEF REQUESTED AND REASONS THEREFOR**

6. As the Debtor will be preoccupied with other critical Chapter 11 matters throughout the remainder of the month of August 2009, the Debtor seeks an extension of its time period to exclusively file a plan of reorganization for an additional ninety (90) days, or until November 18, 2009, as well as an extension of its time period to solicit acceptance of its plan of reorganization for sixty (60) days thereafter, or until January 17, 2010.

7. Pursuant 11 U.S.C. § 1121(d)(1) and (2), the court may *for cause* increase the debtor's one hundred twenty (120) day exclusivity period to file a plan of reorganization and/or the debtor's one hundred eighty (180) day exclusivity period to solicit acceptance of its plan of reorganization – with the proviso that the one hundred twenty (120) day period may not be extended beyond a date that is eighteen (18) months after the petition date and the one hundred eighty (180) day period may not be extended beyond a date that is twenty (20) months after the date of the order for relief. 11 U.S.C. § 1121(d)(1) & (2). In reviewing the "for cause" condition, courts look at factors such as the: (a) size and complexity of the case; (b) necessity of sufficient time to negotiate and prepare adequate information; (c) existence of good faith progress; (d) whether the debtor is paying its debts as they mature; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress negotiating with creditors; (g) length of time a case has been pending; (h) whether the debtor is seeking an extension to pressure creditors; and (i) whether unresolved contingencies

---

[1] The hotel formerly operated under the "Holiday Inn" name.

3

exist. *In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (citing *In re Service Merchandise Co.*, 246 B.R. 744, 751 (Bankr. M.D. Tenn. 2000)).

8.  In the instant case, the Debtor is seeking to extend the exclusivity period for solely legitimate reasons; thus, adequate cause exists for the Court to grant this Motion. This case has been pending for less than a year, and the Debtor has covered a large amount of ground in that time – i.e. negotiating use of cash collateral, reducing operations, negotiating with many vendors, and finding and employing brokers, accountants, attorneys, and other professionals.

9.  In addition, the Debtor spent a substantial amount of time marketing and negotiating the sale of its business and business assets. To date, a closing has not taken place. Through the consent of parties, a closing on the sale of the Debtor's business and business assets has currently been extended through August 31, 2009. All monthly operating reports have been filed. The Debtor is not trying to pressure creditors because the creditors in this case, both secured and unsecured, have as much of an interest as the Debtor in receiving the maximum sale value for the Debtor's business and business assets.

**PRIOR REQUEST AND WAIVER OF BRIEF**

10. The Debtor previously filed three (3) Motions seeking to extend the time to file its plan of reorganization and to solicit acceptances, which were granted by the Court. However, a closing has not yet occurred on the sale of the Debtor's business and has been consensually extended. Therefore, the Debtor respectfully submits that an additional extension is warranted, as it is in the best interests of the Debtor, its estate and creditors.

11. As no novel issue of law is raised and the relevant authorities relied upon by the Debtor are set forth herein, the Debtor respectfully requests that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtor respectfully request that this Court enter an Order extending the time period in which the Debtor has the exclusive right to file a plan of reorganization for an additional ninety (90) days, until November 18, 2009, and extending the time period in which the Debtor has the exclusive right to solicit acceptance of its plan of reorganization for an additional sixty (60) days thereafter, until January 17, 2010.

                                            Respectfully submitted:

                                            **TRENK, DiPASQUALE, WEBSTER,**
                                              **DELLA FERA & SODONO, P.C.**
                                            *Attorneys for Mantiff-Jahnavi Zanesville Hospitality, LLC, Chapter 11 Debtor and Debtor-in-Possession*

Dated:  August 18, 2009                            By:  /s/ Joseph J. DiPasquale
                                                                JOSEPH J. DiPASQUALE

F:\WPDOCS\A-M\Mantiff Jahnavi Zanesville Hospitality LLC (Ramada Inn)\EXCLUSIVITY - Application-4.doc

## **VERIFICATION**

I, Falgun Dharia, Managing Member of Mantiff-Jahnavi Zanesville Hospitality, LLC, verify pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the factual statements contained in the foregoing Verified Application are true and correct to the best of my knowledge, information, and belief.

                            **MANTIFF-JAHNAVI ZANESVILLE
                              HOSPITALITY, LLC**

                            By:   /s/ Falgun Dharia
                                Falgun Dharia, Managing Member

Dated:  August 18, 2009

6